IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas C. Shope, Jr., | C/A No. 0:25-cv-12948-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| The Inez B. McRae Trust; Kurt F. Hausler, *Individually*; Kurt F. Hausler*, as Trustee of the Inez B. McRae Trust*; Anne M. Cober; Cober Realty, LLC, | |
| Defendants. | |

## I.     INTRODUCTION

Thomas C. Shope, Jr., ("Plaintiff"), proceeding pro se, commenced this case by filing a civil action in Lancaster County Court of Common Pleas. The case was then removed to this court based on diversity jurisdiction. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Thereafter, Plaintiff filed a motion to remand. (ECF No. 15).

After reviewing the motion to remand and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 32). Within the Report, the Magistrate Judge opines that the motion to remand should be denied. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Thereafter, Plaintiff filed objections (ECF No. 37), to which Defendants filed a reply. (ECF No. 45). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 32). The Report ultimately concludes that Defendants have adequately pled diversity jurisdiction and the motion to remand should be denied.

Plaintiff enumerated three separate objections. (ECF No. 37). However, each objection reiterates Plaintiff's base argument wherein he challenges the determination that Defendants properly evidenced that this court has diversity jurisdiction. For instance, Plaintiff's first objection avers that "Defendant's failed to carry their burden of establishing federal jurisdiction." (ECF No. 37, p. 2). Plaintiff's second objection states that the "citizenship of the trust was not adequately established." *Id.* at 4. Plaintiff's third objection

states that "doubts concerning removal jurisdiction must be resolved in favor of remand." *Id.* at 5.

Given Plaintiff's objections, the Court has undertaken a de novo review of the removal and motion to remand. Accordingly, the Court agrees with the Report that Defendants have properly shown the existence of diversity jurisdiction and that removal was proper. Plaintiff is a citizen of South Carolina, and all Defendants are citizens of North Carolina. Plaintiff's objections to the contrary are wholly without merit.

The record reflects that each Defendant is a citizen of North Carolina. Defendants supported these jurisdictional allegations with a verified answer, attached exhibits (including trust documents), and several affidavits. Plaintiff has offered no evidence or supported assertions to the contrary. His objections are merely an attempt to cast doubt on the veracity of Defendants' allegations. These baseless arguments fail to show that removal was inappropriate. Accordingly, Plaintiff's objections fail to show any error in the Report and must be overruled.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 32). For the reasons discussed above and in the Report, the motion to remand (ECF No. 15) is denied. This matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

April 7, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge